THE LAW OFFICE OF KEVIN M. WELCH
Kevin M. Welch, (SBN 254565)
*Kevin@kmwlawoffice.com*
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Fax: (310) 698-1626

Attorney for the Plaintiff,
Muertos Roasters, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUERTOS ROASTERS, LLC, a limited liability company formed under the laws of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>LUKE SCHNEIDER, an individual and resident of the State of Illinois, LAWRENCE WALTON, an individual and resident of the State of Illinois, FIRE DEPARTMENT COFFEE, INC., a corporation formed under the laws of the State of Illinois, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS (15 U.S.C. §1114; Lanham Act 32);**<br><br>**(2) FEDERAL COUNTERFEITING (15 U.S.C. 1114(1)(a), 1116(d));**<br><br>**(3) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a);Lanham Act §43(a));**<br><br>**(4) INFRINGEMENT OF COMMON LAW TRADEMARKS;**<br><br>**(5) COMMON LAW UNFAIR COMPETITION**<br><br>**(6) CALIFORNIA UNFAIR COMPETITION (Cal. Bus. & Prof. Code §17200).**<br><br>**(7) INFRINGMENT OF FEDERAL TRADE DRESS (15 U.S.C. § 1125(a))**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Muertos Roasters, LLC ("Muertos Roasters" or "Plaintiff") by and for its Complaint for Damages, hereby alleges on personal knowledge as to its own actions, and upon information and belief as to the actions of others, as follows:

COMPLAINT FOR DAMAGES – Page 1

# INTRODUCTION

1. This is an action in law and equity for, *inter alia*, federal and common law trademark and trade dress infringement, federal counterfeiting, and federal, California, and common law unfair competition, knowingly directed at Plaintiffs.

2. Plaintiff Muertos Roasters, which goes by the name "Muertos Coffee Co.," is a socially responsible coffee company owned and operated by firefighters who are dedicated to providing excellent quality coffee and finding ways give back to their community.

3. Founders, Eli Held and Doug Walker, chose the name "Muertos Coffee Co." because, *inter alia*, the *Dia de los Muertos* tradition of annually taking time to remember and celebrate lost loved ones resonates strongly with the firefighter culture of continuously honoring and pledging to "Never Forget" their fellow firefighters and other first responders who made the ultimate sacrifice in the line of duty, as well as their fellow citizens who lost their lives in the many unfortunate and traumatic circumstances for which firefighters and other first responders are called upon for assistance.

4. In furtherance of this theme, Muertos Roasters created a unique and distinct trade dress comprising a novel amalgam of the traditional *Dia de los Muertos* artwork and motif with classic firefighter symbols such as the red fireman's hat.

5. Muertos Roasters has also invested time, money, and creative effort to develop a unique product look and feel to distinguishes its self from other coffee product on the market (together, the look and feel of Muertos Roasters' product packaging and the unique amalgam of the *Dia de los Muertos* motif with classic firefighter symbols is herein referred to as "Muertos Roasters' Trade Dress").

6. Plaintiff Muertos Roasters has applied for and received several federal registrations for trademarks embodying this trade dress, including the following:

| Federally Registered Trademark | Registration Number |
|---|---|
| *MUERTOS COFFEE CO. logo (skull with red cap)* | 6390970 |
| *MUERTOS COFFEE CO. "FRESH TO DEATH" crest logo* | 6381982 |
| *MUERTOS COFFEE CO. skeleton dancers logo* | 6381981 |
| MUERTOS COFFEE CO. | 5989159 |
| FRESH TO DEATH | 6381409 |
| *yellow-gray-yellow stripe mark* | 6381984 |

7. Plaintiff Muertos Roasters is also the owner of several common law trademarks including the following:

| Muertos Roasters common law trademarks | Applicant Serial Number |
|---|---|
| LAST STAND | 97032490 |
| MUERTE GLORIOSA | 90334253 |
| THE COFFEE OF FIREFIGHTERS | 88959042 |
| THE COFFEE OF FIRST RESPONDERS | 88959019 |

8. Plaintiff Muertos Roasters takes great care in selecting, importing, and selling only high quality coffee products and associated branded merchandise that meet Muertos Roasters' rigorous standards of excellence, and, as a direct result, the Muertos Roasters' trademarks set forth in paragraphs six (6) and seven (7) ("Muertos Roasters' Marks") have become synonymous with high quality products and an efficient and satisfying purchasing experience.

9. Muertos Roasters also invests significant time, money, and effort into finding positive ways to give back to the community which has caused the Muertos Roasters' Trademarks to accrue significant additional goodwill among the consuming public who appreciates socially responsible companies.

10. Defendant Fire Department Coffee, Inc. ("FDC") is also coffee company with a firefighter nexus, founded by Defendant Luke Schneider ("Schneider") and Defendant Lawrence Walton ("Walton") on or about January of 2015 (together "Defendants").

11. Defendants have a history and pattern of attempting to exploit the intellectual property of others without authorization or consent, such as when the City of Chicago was forced to bring suit against Defendant FDC for adopting a trademark consisting of the letters F, D, and C intertwined in a stylized manner that was nearly identical to the trademark that has been used the Chicago Fire Department since 1949. (*City of Chicago v. Fire Department Coffee, Inc.*, Case no.1:20-cv-00676, filed in the U.S. District Court for the Northern District of Illinois).

12. Almost immediately after resolving the lawsuit with the City of Chicago, Defendants began deliberately and willfully attempting to exploit Plaintiff's goodwill and reputation and caused confusion among the consuming public by using the words "muertos coffee" directly alongside the words "Fire Dept. Coffee" in title line of Defendants' Internet advertisements with links leading to Defendants' website, www.firedepartcoffee.com, where Defendants' coffee products and related merchandise are advertised and offered for sale.

13. Attached as Exhibit A is a true and correct copy of screenshot from a smart phone taken in March of 2020 showing Defendants' advertisement featuring the title "muertos coffee – Fire Dept. Coffee" that was displayed in response to a search for the words "muertos coffee" in the Google Internet search engine.

14. Defendants' prominent unauthorized use of Plaintiff's federally registered trademark in the title of Defendants' Internet advertisements is a flagrant and unlawful attempt to exploit Plaintiff's goodwill and reputation and is behavior intentionally designed to create a false affiliation, connection, or association between Defendants and Plaintiff for the purpose of achieving unlawful financial gain by deliberately confusing consumers who are searching for Plaintiff and Plaintiff's coffee products and associated branded merchandise.

15. Defendants' behavior is intentional and specious with the unlawful purpose and design of yielding financial gain through calculated deception by appearing to be affiliated, connected, associated, or to be one and the same as Plaintiff.

16. Upon discovering Defendants' unlawful behavior, Plaintiff contacted Defendants and demanded that Defendants to immediately Cease and Desist Defendants' unlawful and predatory marketing behavior; however, such informal efforts were not successful as Defendants' pattern of misappropriating, infringing, imitating, and copying Plaintiff's trademarks, trade dress, and marketing has only increased since Plaintiff communicated its initial demand.

17. To this day, on information and belief, Defendants are still unlawfully attempting to exploit and profit from Plaintiff's goodwill and reputation by using the words "muertos coffee" and other Muertos Roasters' Trademarks, without consent or authorization, to intentionally target, confuse, and/or misdirect consumers who are searching on the Internet for Plaintiff and Plaintiff's coffee products and associated branded merchandise.

18. Attached as Exhibit B is a true and correct screenshot from a smartphone taken in early January of 2022 showing that Defendants' advertisement that was displayed as the direct result of entering the words "muertos coffee" into the Google Internet search engine.

19. Defendants also are attempting to exploit Plaintiff's goodwill and reputation by adopting Plaintiff's distinctive product packaging to confuse consumers that may be searching for Plaintiff or Plaintiff's coffee products and associated branded merchandise.

20. One obvious example of Defendants' pervasive pattern of misappropriating, infringing, imitating, and copying Plaintiff's trademarks and trade dress is Defendants' inexplicable adoption of product packaging that features a *Dia de los Muertos* themed skull wearing a fireman's hat, despite having no previous nexus to the *Dia de los Muertos* motif; Defendants' package design is highly similar to the unique and distinctive Muertos Roasters' Trade Dress created by Plaintiff and is highly similar to Plaintiff's federal registration no. 6390970 and is very likely to cause confusion among the consuming public as to the source and affiliation of Defendants' coffee product.

21. Attached as Exhibit C is a true and correct copy of a screen shot showing Defendants' product packaging that is highly similar to Plaintiff's unique and distinctive trade dress which likely to cause significant confusion among consumers.

22. Another example of Defendants' unlawful attempt to exploit the

Muertos Roasters' Trade Dress and associated goodwill and reputation is Defendants' adoption of a product packaging design that features a horizontal fireman's stripe located in nearly the same package location and orientation as the fireman's stripe on Plaintiff's packaging design.

23. Defendants' decision to utilize a fireman's stripe feature on their coffee product packaging in a highly similar manner as Plaintiff utilizes its federally registered trademark no. 6381984 creates a highly similar overall package look and feel and is very likely to cause significant confusion among the consuming public as to source and affiliation of Defendants' coffee product, especially when the placement and orientation of Defendants' fireman's stripe feature is taken into account.

24. Attached as Exhibit D is a true and correct depiction of Defendants' product packaging illustrating the placement and orientation of the fireman's stripe on Defendants' product packaging which, on information and belief, was chosen intentionally because of the confusing similarities to Plaintiff's product package design so as to confuse potential consumers and exploit Plaintiff's goodwill and reputation.

25. Defendants are purposefully and knowingly engaged in a pervasive campaign to copy and mimic Plaintiff's product packaging and marketing to gain sales through confusion and exploitation of Plaintiffs goodwill and reputation, and on information and belief, Defendant Schneider and Defendant Walton personally participated in the decisions to intentionally engage in the pervasive infringing behavior and to intentionally misappropriate the Muertos Roasters' Trademarks and the Muertos Roasters' Trade Dress, and therefore are personally liable for such actions and decisions.

26. Each time Defendants intentionally use a trademark that is confusingly similar to one of the Muertos Roasters' Trademarks or adopts product packaging that is intentionally similar to the Muertos Roasters' Trade Dress,

Defendants are committing an unlawful act that is intentionally and knowingly directed at the California based company.

27. Defendants' unlawful behavior is targeted, intentional, and directed at Plaintiff so that Defendants will either appear to be Plaintiff or will appear to be affiliated, associated, or connected to Plaintiff.

28. Defendants' unlawful behavior was and is knowingly directed at Plaintiff and specifically designed to siphon business from and financially harm Plaintiff.

29. Plaintiff Muertos Roasters is informed and believes, and based thereon alleges, that Defendants' infringing activity is intentional, systematic and willful and/or done with reckless disregard for Plaintiff's intellectual property rights and is causing irreparable harm to Plaintiff's goodwill and reputation and will continue unless enjoined by this Court, thus Plaintiff asks that this Court enjoin Defendants unlawful activities and pay appropriate damages pursuant to the above referenced federal and state statutes and common law.

## THE PARTIES

30. Plaintiff MUERTOS ROASTERS, LLC. is a limited liability company formed under the laws of the State of California that maintains a principle place of business at 314 Donegal Court, Vacaville, CA 95688.

31. Upon information and belief, Defendant LUKE SCHNEIDER is an individual and resident of the State of Illinois and maintains a residence at 7808 Nan Drive, Roscoe, IL 61073.

32. Upon information and belief, Defendant LAWRENCE WALTON is an individual and resident of the State of Illinois and maintains a residence at 7808 Nan Drive, Roscoe, IL 61073

33. Upon information and belief, Defendant FIRE DEPARTMENT COFFEE, INC. is a corporation formed under the laws of the State of Illinois and

maintains a principal place of business at 811 W. Riverside, Blvd, Rockford, IL 61103.

34. The true names, and identities or capacities, whether individual, associate, corporate or otherwise of DOES 1 through 10, inclusive, are unknown to Plaintiff Muertos Roasters, who therefore sues said defendants by fictitious names. Plaintiff Muertos Roasters is informed and believes, and on such information and belief, alleges that each of the defendants sued herein as a DOE are legally responsible in some manner for the events and happenings referred herein. When the true name, identity and capacity of such fictitiously designated defendants are ascertained, Plaintiff Muertos Roasters will ask leave of the Court to amend this Complaint to insert said true names, identities and capacities, together with proper charging allegations.

## JURIDISCTION AND VENUE

35. This is an action seeking permanent injunctive relief, monetary remedies, other equitable remedies, and attorneys' fees based on several federal causes of action including intentional federal trademark infringement and federal counterfeiting, as well as common law trademark and trade dress infringement and federal, state, and common law unfair competition. Defendants knowingly directing their unlawful behavior at Plaintiff Muertos Roasters by purposefully and speciously utilizing Plaintiff's federally registered and common law trademarks and trade dress and engaged in pervasive pattern of an intentional and unlawful business conduct violating federal, state, and common law principles of unfair competitions. The harm from these unlawful acts is occurring in the State of California, and more specifically in the Eastern District of California.

36. This Court has subject matter jurisdiction over this lawsuit pursuant to 15 U.S.C. §§ 1121 and 1125(a) and 28 U.S.C. §§1331 and 1338, and pursuant to the Court's pendent jurisdiction set forth in 28 U.S.C. § 1367.

37. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants and there is more than seventy-five thousand dollars ($75,000.00) at issue in the dispute.

38. This Court has personal jurisdiction over Defendant Schneider and Defendant Walton because, *inter alia,* Defendant Schneider and Defendant Walton actively took part in the decisions to engage in infringing and unlawful business practices in the State of California, and purposefully directed their unlawful behavior at a California company, Plaintiff Muertos Roasters, with full knowledge that Plaintiff Muertos Roasters was a California based company and the harm would be suffered in the State of California and the Eastern District of California.

39. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants conduct business in the State of California and the Eastern District of California through their advertising and sales to customers located in California and in the Eastern District of California, and transact business in this judicial district and have committed acts in this judicial district upon which the claims asserted in this lawsuit are based.

40. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. §§1391(b), (c).

**COUNT I**
**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK**
**15 U.S.C. §1114 (LANHAM ACT §32)**

41. Plaintiff Muertos Roasters hereby incorporates by reference each and every allegation contained in paragraphs 1 through 40 as though fully set forth herein, and makes the following allegations on information and belief.

42. Plaintiff Muertos Roasters is the owner of several United States federal trademark registrations set forth in paragraph six (6) and referred to collectively along with Plaintiff's common law trademarks as the Muertos Roasters' Trademarks.

43. All of Plaintiff's federal registered marks set forth in paragraph six (6) are valid, subsisting, and in full force and effect.

44. Defendants are actively selling a variety of coffee products and related branded merchandise on the Internet including the website, www.firedeptcoffee.com, and Defendants are purchasing advertisements that appear in response to certain Internet searches terms in various Internet search engines which, on information and belief, unlawfully include use of the Muertos Roasters' Trademarks.

45. Defendants used the Muertos Roasters Trademarks in their advertisements to cause their advertisements to appear when the consuming public was searching for Plaintiff's website and/or Plaintiff's coffee products and/or associated branded merchandise.

46. Defendants use of the Muertos Roasters Trademarks in their advertisements was without authorization and consent are causing source and affiliation confusion among the consuming public.

47. Defendants' conduct is likely to cause confusion, to cause mistake or to deceive customers as to the origin, source, or sponsorship of Defendants' coffee products and associated branded merchandise, and is likely to create the false impression that Defendants' coffee products and associated branded merchandise are authorized, sponsored, endorsed, or licensed by, or affiliated with Plaintiff.

48. Defendants' conduct is willful, in bad faith, and with full knowledge that Defendants has no right, license, or authority to use the Muertos Roasters' Trademarks, or any other designation similar thereto.

49. Defendants' conduct is intended to reap the benefit of the goodwill that Plaintiff has amassed in the Muertos Roasters Trademarks, and constitutes infringement of Plaintiff's federally registered trademarks in violation of §32(1) of the Lanham Act, 15 U.S.C. §1114(1).

50. Because Defendants are using Plaintiff's company name, in connection with U.S. commerce in an unauthorized manner, Defendants have caused and are causing substantial irreparable harm to the goodwill associated with the Muertos Roasters' Trademarks and will continue to damage Plaintiff, and to deceive consumers unless enjoined by this Court.

51. Plaintiff has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendants' continued unauthorized use in commerce of trademarks that are identical to, and therefore confusingly similar to, the Muertos Roasters' Trademarks.

## COUNT II
## FEDERAL COUNTERFEITING
## 15 U.S.C. 1114(1)(a), 1116(d)

52. Plaintiff Muertos Roasters hereby incorporates by reference each and every allegation contained in paragraphs 1 through 51 as though fully set forth herein, and makes the following allegations on information and belief.

53. Plaintiff is the owner of the inherently distinct federally registered trademark MUERTOS COFFEE CO., reg. no. 5989159.

54. Defendants offered to sell goods and services on the Internet under the identical trademark, without the authorization or permission (See Exhibit A).

55. The product that Defendants are offering to sell, selling, and purporting to be associated with "muertos coffee" is not associated or affiliated with Plaintiff in any way and are of a lower quality than the coffee products offered by Plaintiff, and thus, Defendants coffee products are counterfeit products.

56. Defendants' use of the trademark, "muertos coffee", is a spurious and intentional act to benefit from the goodwill, popularity, reputation, and demand for goods associated with Plaintiff's federally registered trademark MUERTOS COFFEE CO.

57. Defendant's use of the trademark, "muertos coffee," in the advertisement titled, "muertos coffee – Fire Dept. Coffee" is a spurious and

intentional act to designed to make Defendant and Plaintiff appear to be one and the same (see Exhibit A).

58. Defendants are currently, and have at all times relevant to this action, been aware that the trademark "muertos coffee" is owned by Plaintiff Muertos Roasters, and that Defendants do not have Plaintiff's authorization, consent, or permission to use Plaintiff's trademark.

59. Plaintiff has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendants' continuous sale and offer for sale of counterfeit goods.

## COUNT III
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. §1125(a) (LANHAM ACT §43(a))

60. Plaintiff Muertos Roasters repeats and incorporates by reference the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

61. The conduct of Defendant is likely to cause confusion, to cause mistake and/or to deceive consumers as to the origin, source, and/or sponsorship of the coffee products and branded merchandise provided by Defendants, and is likely to create the false impression that such services are authorized, sponsored, endorsed, licensed by, and/or affiliated with Plaintiff Muertos Roasters, the owner of the Meurtos Roasters' Trademarks and the Muertos Roasters' Trade Dress and is generally unfair and deceptive.

62. The conduct of Defendants constitutes unfair competition, false designation of origin, false advertising, false representation of fact, and false description in violation of §42(a) of the Lanham Act, 15 U.S.C. §1125(a).

63. Because Defendants are using a trademarks that are confusingly similar to the Muertos Roasters' Trademarks in connection with U.S. commerce in an unauthorized manner, Defendants have caused and are causing substantial irreparable harm to Plaintiff and the Muertos Roasters Trademarks and will continue to damage Plaintiff, and to deceive consumers, unless enjoined by this

Court.

64. Plaintiff Muertos Roasters has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendants' continued use of a trademarks in commerce that are confusingly similar to the Muertos Roasters Trademarks.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

65. Plaintiff Muertos Roasters repeats and incorporates by reference the allegations contained in paragraphs 1 through 64 as if fully set forth herein.

66. Plaintiff Muertos Roasters has used the Muertos Roasters' Trademarks to sell it coffee products and associated branded merchandise on the Internet throughout the United States at least as early as 2017.

67. The Muertos Roasters' Trademarks including, MUERTOS COFFEE CO., are inherently distinctive; therefore, common law trademark rights vested with Plaintiff as soon as Plaintiff began using the Muertos Roasters' Trademarks in U.S. commerce.

68. With full knowledge of Plaintiff's trademark, MUERTOS COFFEE CO., Defendants began using the trademark in U.S. commerce in conjunction with near identical or substantially similar goods.

69. The conduct of Defendants is likely to cause confusion, to cause mistake, and to deceive customers as to the origin, source, or sponsorship of Defendants' coffee products and associated branded merchandise and, and is likely to create the false impression that Defendants' coffee products and associated branded merchandise are authorized, sponsored, endorsed, licensed by, and/or affiliated with Plaintiff.

70. Defendants had actual knowledge of Plaintiff's exclusive rights in the Muertos Roasters' Trademarks prior to using the identical mark in U.S. commerce.

71. The unlawful conduct of Defendants is willful, in bad faith, and with full knowledge that Defendants have no right, license or authority to use any of the Muertos Roasters' Trademarks or any other designation similar thereto.

72. The conduct of Defendants is intended to reap the benefits of the goodwill that Plaintiff has created in the Muertos Roasters' Trademarks, and constitutes an infringement of the Muertos Roasters' Trademarks.

73. Because Defendants are using the Muertos Roasters' Trademarks in connection with similar coffee products of inferior quality sold on the Internet in an unauthorized manner, Defendants have caused and are causing substantial irreparable harm to the distinctiveness and goodwill associated with the Muertos Roasters' Trademarks and will continue to damage Plaintiff, and to deceive consumers, unless enjoined by this Court.

74. Plaintiff Muertos Roasters have no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendants' continued use of the Muertos Roasters Trademarks in U.S. commerce.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

75. Plaintiff Muertos Roasters repeats and incorporates by reference the allegations contained in paragraphs 1 through 74 as if fully set forth herein.

76. The unlawful conduct of Defendants is likely to continue to cause confusion, to cause mistake and deceive consumers as to the origin, source, or sponsorship of the coffee products and associated branded merchandise provided by Defendants in connection with the Muertos Roasters Trademarks and is likely to create the false impression that the services provided by Defendants are sponsored by or affiliated with Plaintiff.

77. The conduct of Defendants constitutes unfair competition in violation of the common law of California and other states.

78. The conduct of Defendants is willful, in bad faith, and with full knowledge that Defendants have no right, license and/or authority to use the

Muertos Roasters' Trademarks, or any other designation confusingly similar thereto.

79. Because Defendants are using the Muertos Roasters Trademarks in connection with the sale or offer for sale of similar coffee products and associated branded merchandise of inferior quality, Defendants have caused and are causing substantial irreparable harm to Plaintiffs and will continue to damage Plaintiffs, and to deceive the consuming public, unless restrained and permanently enjoined by this Court.

80. Plaintiff Muertos Roasters has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by the Defendants' continued use of unfair business practices.

## COUNT VI
## CALIFORNIA UNFAIR COMPETITION
## Cal. Bus. & Prof. Code §17200

81. Plaintiff Muertos Roasters repeats and incorporates by reference the allegations contained in paragraphs 1 through 80 as if fully set forth herein.

82. The unlawful conduct of Defendants, as alleged above, also constitutes unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

83. The wrongful acts of Defendants proximately caused, and will continue to cause substantial injury to Plaintiff including confusion of potential customers, injury to reputation, and diminution of the value of the Muertos Roasters' Trademarks. These actions will cause imminent irreparable harm and injury to Plaintiff if Defendants acts continue, the amount of which has not been fully ascertained.

84. As a direct and proximate result of the wrongful acts of Defendants, Plaintiff has been damaged, and is entitled to injunctive relief and restitution in an amount proven at trial. The acts of Defendants, described herein, irreparably injure

Plaintiff's business, reputation and goodwill, and will continue to do so unless restrained and permanently enjoined by this Court.

85. Plaintiff Muertos Roasters has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendants' continued use of a trademark in commerce that is identical, and therefore confusingly similar to the Muertos Roasters' Trademarks.

## COUNT VII
## INFRINGEMENT OF FEDERAL TRADE DRESS
## 15 U.S.C. § 1125(a)

86. Plaintiff Muertos Roasters repeats and incorporates by reference the allegations contained in paragraphs 1 through 85 as if fully set forth herein.

87. Plaintiff Muertos Roasters has used the Muertos Roasters' Trade Dress to sell its coffee products and associated branded merchandise on the Internet throughout the United States at least as early as 2017.

88. The Muertos Roasters' Trade Dress is inherently distinctive and it has become known by the consuming public to represent the high quality coffee products and associated branded merchandise advertised and sold by Plaintiff.

89. With full knowledge that Plaintiff's own the Muertos Roasters' Trade Dress, Defendants adopted confusingly similar product packaging in U.S. commerce in conjunction with near identical or substantially similar goods.

90. The conduct of Defendants is likely to cause confusion, to cause mistake, and to deceive customers as to the origin, source, or sponsorship of Defendants' coffee products and associated branded merchandise and, and is likely to create the false impression that Defendants' coffee products and associated branded merchandise are authorized, sponsored, endorsed, licensed by, and/or affiliated with Plaintiff.

91. Defendants had actual knowledge of Plaintiff's exclusive rights in the Muertos Roasters' Trade Dress prior to using confusingly similar product

packaging in U.S. commerce in conjunction with near identical or substantially similar goods.

92. The conduct of Defendants is willful, in bad faith, and with full knowledge that Defendants have no right, license or authority to use the Muertos Roasters' Trade Dress or any other products packaging similar thereto.

93. The conduct of Defendants is intended to reap the benefits of the goodwill that Plaintiff has created in the Muertos Roasters' Trade Dress, and constitutes an infringement of the Muertos Roasters' Trade Dress.

94. Because Defendants are using the Muertos Roasters' Trade Dress in connection with similar coffee products of inferior quality sold on the Internet in an unauthorized manner, Defendants have caused and are causing substantial irreparable harm to the distinctiveness and goodwill associated with the Muertos Roasters' Trade Dress and will continue to damage Plaintiff, and to deceive consumers, unless enjoined by this Court.

95. Plaintiff Muertos Roasters have no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendants' continued use of the Muertos Roasters' Trade Dress in U.S. commerce.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Muertos Roasters respectfully requests the following relief;

A. A permanent injunction prohibiting Defendant Fire Department Coffee, Defendant Schneider, and Defendant Walton, any officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the Muertos Roasters' Trademarks or the Muertos Roasters' Trade Dress, or any confusingly similar variation thereof, as, or as a component of, a trademark, trade name or otherwise,

in connection with the advertising, promoting, marketing, offering, selling similar goods in the United States, and from otherwise infringing the Plaintiff Muertos Roasters' intellectual property.

  B. An accounting for all profits acquired by Defendants through sales of goods or services in conjunction with the unlawful use of the Muertos Roasters Trademarks;

  C. An award of $1,000,000 for damage to the goodwill and reputation of the Muertos Roasters' Trademark and the Muertos Roasters' Trade Dress;

  D. An award of statutory damages in accordance with 15 U.SC. § 1117(c)(2) of $2,000,000 per counterfeit mark used in conjunction with coffee products and associated branded merchandise;

  E. An award of treble damages or other enhanced monetary remedies paid to Plaintiff Muertos Roasters;

  F. An award of attorneys' fees and cost paid to Plaintiff Muertos Roasters; and

  G. Any such further relief as the Court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

Dated this 6th day of January, 2022

        By: /s/ Kevin M. Welch
          Kevin M. Welch, Esq. (SBN 254565)

          LAW OFFICE OF KEVIN M. WELCH
          P.O. Box 494
          Hermosa Beach, CA 90245
          Tel.: (310) 929-0553
          Email:Kevin@kmwlawoffice.com

          Attorney for Plaintiff,
          Muertos Roasters, LLC